UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ben Hawkins,

    Petitioner,

        v.                            Case No. 1:10cv551

Warden Corrections Medical Center,        Judge Michael R. Barrett

    Respondent.

## ORDER

This matter is before the Court upon Petitioner's Motion to Appoint Counsel and Motion for Extension of Time (Doc. 37) and the Magistrate Judge's October 24, 2011 Report and Recommendation (Doc. 28). For the following reasons, Petitioner's Motion is DENIED and the Magistrate Judge's Report and Recommendation is ADOPTED.

On October 24, 2011, the Magistrate Judge entered an Report and Recommendation in this matter recommending that Petitioner's petition be denied; Petitioner's second motion for stay be denied; a certificate of appealability should not issue; and any application by Petitioner to proceed on appeal *in forma pauperis* should be denied. (Doc. 28.) On November 3, 2011, Petitioner requested additional time to amend his petition, which the Magistrate Judge denied. (Docs. 31, 33.) On November 30, 2011, Petitioner sought a ninety-day extension to file objections because he was housed at Franklin Medical Center and did not have access to legal resources. (Doc. 34.) However, the Court was informed that Petitioner does have access to legal research via requests to the law librarian (Doc. 35), and therefore the Court granted Petitioner fourteen days in which to file his objections (Doc. 36). Instead of filing objections, Petitioner filed a motion

seeking another extension of time. Petitioner states that the access to legal research is through the prison's kite system, which is not sufficient. Petitioner also states that he had a fever over 103 degrees on February 22 and 23, and would have been unable to conduct research even if he had access to legal research.

At the outset, the Court notes that Petitioner's objections were originally due on or before November 10, 2011. Over four months have passed since that time. While Petitioner argues that his access to legal research is not sufficient, the Court notes that as a general matter, there is no constitutional right to any particular number of hours in the law library. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).

Therefore, Petitioner's Motion for Extension of Time (Doc. 37) is **DENIED**; and the Magistrate Judge's October 24, 2011 Report and Recommendation (Doc. 28) is **ADOPTED**. *Accord* 28 U.S.C. § 636(b)(1)(C) (district court to conduct *de novo* review only of those portions of a Report and Recommendation to which objection is made). Accordingly, Petitioner's Motion to Appoint Counsel (Doc. 37) is **DENIED as MOOT**.

Based on the foregoing, it is hereby **ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DENIED with prejudice. Petitioner's second motion for a stay of execution of sentence (Doc. 22) is DENIED.

2. A certificate of appealability shall not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. In addition, a certificate of appealability shall not issue with respect to the claims addressed on the merits herein in the absence of a substantial showing that Petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further."

    *See Slack*, 529 U.S. at 475 (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore Petitioner is denied leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

4. This matter is CLOSED and TERMINATED from the docket of this Court.

**IT IS SO ORDERED.**

          */s/ Michael R. Barrett*
          Michael R. Barrett, Judge
          United States District Court